Curtis C. Jung, Esq. (State Bar No. 130657)
Clifford P. Jung, Esq. (State Bar No. 181117)
JUNG & YUEN, LLP
888 South Figueroa Street, Suite 720
Los Angeles, California 90017
(213) 689-8880 - Tel
(213) 689-8887 - Fax
Curtis@jyllp.com;
Clifford@jyllp.com

General Bankruptcy Counsel for Edward M. Wolkowitz, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELS DIVISION

| | |
|---|---|
| In re:<br><br>NEXTAR, INC.,<br><br>              Debtor. | BANKRUPTCY CASE NO.:<br>2:11-bk-52396<br><br>Chapter 7<br><br>Assigned to:<br>Judge: Honorable Ernest M. Robles<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF EDWARD M. WOLKOWITZ IN SUPPORT THEREOF**<br><br>**Hearing**<br>**Date:  March 7, 2018**<br>**Time: 11:00 A.M.**<br>**Ctrm: 1568** |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE**

**AND ALL PARTIES INTEREST:**

**PLEASE TAKE NOTICE** that Edward M. Wolkowitz, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby brings this motion (the "Motion") pursuant to 11 U.S.C. § 363(b), Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 6004-1(c), for entry of an order approving the sale of the Estate's right, title, and interest in and to the remaining property of the Estate, consisting of known and unknown assets, rights to payment, or claims, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").

**PLEASE TAKE FURTHER NOTICE** that the Trustee has agreed, subject to the Court's approval, to sell the Remnant Assets to Oak Point Partners, Inc., an Illinois corporation ("Oak Point"), on the terms set forth in the asset purchase agreement (the "Purchase Agreement"), attached as <u>Exhibit A</u> to the Motion.  Oak Point's address is 5215 Old Orchard Rd., Suite 965 Skokie, Illinois, 60077.  The basic terms of the sale are that Oak Point shall pay the Estate $5,000.00 (the "Purchase Price") for the Remnant Assets, due within three business days after the Court enters an order approving this Motion. The Remnant Assets specifically exclude: (a) cash held by the Trustee on behalf of the Estate at the time of the Purchase Agreement in bank accounts earmarked for distribution to creditors and/or payment of professional fees, and (b) the Purchase Price.  The only contingency to which the sale is subject to is this Court's approval.  The Estate will not have to pay any commissions, fees, or other costs of sale, except for the cost of filing and serving the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Trustee believes the proposed sale is in the best interest of the Estate and should be approved under 11 U.S.C. § 363(b).  There are currently no known Remnant Assets.  Therefore, in the absence of the Oak Point purchase offer, the Estate likely would have derived no economic benefit from the Remnant Assets.  In contrast, the proposed sale will provide the Estate with an immediate cash payment.  It will also complete the administration of the

1 | Estate's assets, permitting the Trustee to file the final report, distribute the funds in the Estate, and

2 | close the case.

3 |      **PLEASE TAKE FURTHER NOTICE** that the Trustee seeks a waiver of the 14-day stay on

4 | the effectiveness of the sale order imposed by Federal Rule of Bankruptcy Procedure 6004(h) so that

5 | the sale can close immediately, rather than delaying the submission of the final report.

6 |      **PLEASE TAKE FURTHER NOTICE** that the Trustee does not anticipate that the sale will

7 | create any tax consequences for the Estate.

8 |      **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon the Notice of Motion,

9 | the Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration

10 | of Edward M. Wolkowitz, and any additional evidence, grounds, and argument that may be properly

11 | presented to the Court.

12 |      **PLEASE TAKE FURTHER NOTICE** that any response or opposition to this Motion must be

13 | in writing, must otherwise comply with Local Bankruptcy Rule 9013, and must be filed with the Court

14 | and served upon (i) counsel for the Trustee (by personal delivery, messenger, fax or email) at the

15 | address set forth in the upper left-hand corner of the first page of this Notice of Motion; and (ii)

16 | counsel to Oak Point at Oak Point Partners, Inc. (by regular mail and email), Attn: Janice A. Alwin,

17 | Esq., 5215 Old Orchard Rd., Suite 965, Skokie, IL 60077, janice@oakpointpartners.com, no later than

18 | fourteen (14) days before the date of the hearing on this Motion. A judge's copy of the opposition must

19 | be delivered to the chambers of the Honorable Ernest M. Robles in accordance with Local Bankruptcy

20 | Rule 5005-2(d).  Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a

21 | written opposition may be deemed by the Court to be consent to the granting of the relief requested

22 | herein.

23 | Date: January 17, 2018               JUNG & YUEN, LLP

24 |

25 |                     By:

26 |                         CURTIS C. JUNG
                            CLIFFORD P. JUNG

27 |                         General Bankruptcy Counsel for Edward

28 |                         M. Wolkowitz, Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Background and Jurisdiction

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      On October 11, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4.      On or about October 11, 2011, the Trustee was appointed as the Chapter 7 trustee for the Debtor's Estate.

5.      Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with its power and duties.  The Trustee is now in the process of winding down the administration of this case.  To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6.      The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").  The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

7.    The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets.  A copy of the Purchase Agreement is appended as <u>Exhibit A</u> to this Motion.

**B.    Relief Requested**

8.    By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

9.    The Purchase Agreement generally provides for an aggregate purchase price of $5,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

10.    In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; and (ii) the Purchase Price for the Remnant Assets.

11.    In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets.  Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets.  Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

**C.    Bidding Procedures**

12.    The preceding Notice of Motion of Chapter 7 Trustee for Order Authorizing Sale of Certain Assets of the Debtor's Estate Free and clear Of Liens, Claims, Interests, and Encumbrances

(the "Notice"), establishes a deadline by which objections or responses to this Motion must be filed

with the Court (the "Response Deadline").

13.    While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak

Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other

than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee

requests that the Court approve the following overbid procedures (collectively, the "Bidding

Procedures"):

    a.  Each Interested Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

    b.  each initial overbid for the Remnant Assets must be at least $9,000.00;

    c.  each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

    d.  in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

14.    The Trustee believes that the private sale of the Remnant Assets in accordance with the

terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's

Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the

Estate.  Accordingly, the sale to Oak Point should be approved as requested.

**D.    AUTHORITY FOR REQUESTED RELIEF**

15.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a

hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."

11 U.S.C. § 363(b)(1).  To approve use, sale or lease, other than in the ordinary course of business, the

Court must find "some articulated business justification." *See In re Martin (Myers v. Martin)*, 91 F.3d

389, 395 (3d Cir. 1996) and *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986 ) (requiring

good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16.    Courts have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1986); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

17.    The Trustee submits that the Purchase Price is reasonable, for fair value, and was negotiated at arm's length and in good faith. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate.

18.    Courts have held that approval of a proposed sale of property pursuant to Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. *See Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del.

1991). A trustee's showing of sound business justification need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

19.    Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992). The Trustee believes that the Purchase Agreement represents a prudent and proper exercise of business judgment and is in the best interest of creditors of the Debtor's Estate.

20.    Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986); *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

21.    Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of a debtor with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

22.    Additionally, the Court should approve the Trustee's proposed Bidding Procedures.

Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee. Thus, the proposed Bidding Procedures are appropriate and should be approved.

23.    The Trustee submits that the sale of the Remnant Assets is a prudent exercise of its business judgment under the circumstances and is in the best interest of the Debtor's Estate and creditors. Moreover, the Purchase Price for the sale is reasonable and has been negotiated at arm's length. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and creditors. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

**E.    Waiver of Stay of Order**

24.    Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

**F.    Notice**

25.    Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

**G.    Conclusion**

For the reasons set forth above, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Date:  January 17, 2018

JUNG & YUEN, LLP

By:    _____
CURTIS C. JUNG
CLIFFORD P. JUNG

General Bankruptcy Counsel for Edward
M. Wolkowitz, Chapter 7 Trustee

## DECLARATION OF EDWARD M. WOLKOWITZ

I, Edward M. Molkowitz, declare as follows:

1.      I am the appointed chapter 7 trustee for the bankruptcy estate (the "Estate") of Nextar, Inc. (the "Debtor").

2.      Each of the facts contained in this Declaration is based upon my personal knowledge and, if called as a witness to do so, I could competently testify thereto.

3.      I make this Declaration in support of the Motion of Chapter 7 Trustee for an Order Authorizing Sale of Remnant Assets of the Estate Free and Clear of all Liens, Claims, Interests and Encumbrances ("Motion").

4.      On or about October 11, 2011, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and I was appointed as the chapter 7 trustee.

5.      As set forth in the Motion, filed concurrently herewith, subject to Court approval, I have entered into an agreement with Oak Point Partners, Inc. ("Oak Point") to purchase the Estate's right, title, and interest in and to any remaining property of the Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). A copy of the asset purchase agreement with Oak Point is attached to the Motion Exhibit A.

6.      Oak Point has agreed to pay $5,000.00 (the "Purchase Price") for the Remnant Assets. I believe that the Purchase Price is reasonable, for fair value, and was negotiated at arm's length and in good faith. I am currently aware of no known Remnant Assets. In the absence of the proposed sale, the Estate likely would have derived no economic benefit from the Remnant Assets, and I would have abandoned the Estate's interest in such Remnant Assets as being of no known or inconsequential value and benefit to the Estate.

7.      I believe that the proposed sale is in the best interest of the Estate, because (a) the sale provides the Estate with an immediate cash payment for the Remnant Assets, from which the Estate likely would otherwise derive no economic benefit; and (b) the sale will complete the administration of the Estate's assets, permitting me to file the final report, distribute the funds in the Estate, and close the case.

8.    I have not been contacted by any potential overbidders for the Remnant Assets, and I do not believe that there are any viable alternative purchasers for the Remnant Assets.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 17th day of January, 2018 at Los Angeles, California.

By: _____
       Edward M. Molkowitz
       Chapter 7 Trustee

# EXHIBIT "A"

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of January __, 2018, is by and between **EDWARD M. WOLKOWITZ, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the NEXTAR, INC.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

### WITNESSETH:

**WHEREAS,** on October 11, 2011, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Court"), assigned Case No. 2:11-bk-52396; and

**WHEREAS,** on or about October 11, 2011, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS,** at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS,** Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS,** subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE,** in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Five Thousand and No/100 Dollars ($5,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

1

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto.  However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without giving effect to choice of law principles of the State of California.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

2

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, INC.**

By: _Eric A. Linn_

Name:  ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746


**NEXTAR, INC. BANKRUPTCY ESTATE**

By: _____

Name: EDWARD M. WOLKOWITZ
Its: Chapter 7 Trustee

Address: c/o Levene, Neale, Bender, Yoo & Brill L.L.P., 800 S. Figueroa St., Ste. 1260,
        Los Angeles, CA 90017
tel (310) 229-3367

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

800 South Figueroa Street, Suite 1260, Los Angeles, California 90017

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTEREST, AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF EDWARD M. WOLKOWITZ IN SUPPORT THEREOFwill be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 18, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- 
- **Bradley E Brook**    bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com
- **Andrew W Caine**    acaine@pszjlaw.com
- **Clifford P Jung**    clifford@jyllp.com, victoria@jyllp.com;karill@jyllp.com
- **Clifford P Jung**    clifford@jyllp.com, victoria@jyllp.com;karill@jyllp.com
- **Sylvia Lew**    Sylvialew@tilemlaw.com, malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;sylvialew@ecf.inforuptcy.com; joanfidelson@ecf.inforuptcy.com;malissamurguia@ecf.inforuptcy.com;sylviatilemlaw@gmail.com;lewsr69450@notify.bestcase.com
- **Anthony J Rothman**    anthony@arothmanlaw.com
- **George E Schulman**    GSchulman@DGDK.Com, DanningGill@gmail.com;gschulman@ecf.inforuptcy.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;SloanYoukstetter@tilemlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Edward M Wolkowitz (TR)**    emwtrustee@lnbyb.com, ewolkowitz@iq7technology.com

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

On (*date*) January 18, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

DEBTOR:
Nextar Inc – 1661 Fairplex Drive – La Verne, CA 91750

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 18, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
United States Bankruptcy Court
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/18/2018 | Melvin Robertson | *Melvin Robertson* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:11-bk-52396-ER
Central District of California
Los Angeles
Wed Jan 17 15:46:46 PST 2018

Hahn Fife & Company
790 E Colorado Blvd 9th Fl
Pasadena, CA 91101-2193

Nextar Inc.
1661 Fairplex Drive
La Verne, CA 91750-5871

Tofasco of America, Inc.
Law Offices of Bradley E. Brook, APC
11500 W. Olympic Blvd., Suite 400
Attn: Bradley E. Brook, Esq.
Los Angeles, CA 90064-1525

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Advanced Auto
Thomas DC
P.O. Box 2710
Roanoke, VA 24001-2710

Alan L Brodkin & Associates
15500 Rockfield Blvd., #B
Irvine, CA 92618-2722

Amazon.com
P.O. Box 80387
Seattle, WA 98108-1309

Andrew W Spangler
Spangler W Law PC
208 North Green Street #300
Longview TX 75601-7347

Barjan Products LLC
7800 51st Street West
Rock Island, IL 61201-7398

Beach Trading Co. Inc.
DBA Beach Camera
80 Carter Drive
Edison, NJ 08817-2094

Belk 2 (PL)
P.O. Box 190238
Charlotte, NC 28219-0238

Benny's Inc
340 Waterman Avenue
Esmond, RI 02917-2559

Best Buy
P.O. Box 9331
Minneapolis, MN 55440-9331

Best Buy Canada
8800 Glenlyon Parkway
Burnaby, Canada, BC V5J 5K3

Big R Stores
200 N Ernest Grove Parkway
Watseka, IL 60970-1847

Biyu Lin
4-201 Dong Sheng Xiao Qu
Dong Fu Yuan
Cang Shen, Fuzhou China,

Bluestem Brands Inc
6509 Flying Cloud Drive
Eden Prairie, MN 55344-3307

Brandsmart USA
3200 Sw 42nd Street
Fort Lauderdale, FL 33312-6808

CSK Auto Inc
P.O. Box 6030
Phoenix, AZ 85005-6030

CWR
18 Butler Avenue
Bayville, NJ 08721-1835

Canada Customs Revenue Agency
275 Pope Road, Suite 103
Summerside, Canada, PE C1N 6A2

Carman Electronics
1374 E 16th Street
Los Angeles, CA 90021-2729

Das Distributors Inc
John Borst
724 Lawn Road
Palmyra, PA 17078-8379

Dearden's
700 South Main Street
Los Angeles, CA 90014-2094

Denashu John Hu
Law Offices of Jack W Chao
2522 Chambers Rd #100
Tustin CA 9780

Eviant Inc
1661 Fairplex Drive
La Verne, CA 91750-5871

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

FedEx Tech Connect Inc as Assignee
of FedEx Express/Ground/Freight
3965 Airways Blvd, Module G, 3rd Floor
Memphis, Tennessee 38116-5017

Fedex
Department LA
P.O. Box 21415
Pasadena, CA 91109-7321

Fry's Electronics Inc
600 E. Brokaw Road
San Jose, CA 95112-1006

H.L. Dalis Inc
3535 24th Street
Astoria, NY 11106-4416

HGT International Co., Ltd
Room 503, Building A
Huatong Plaza A19
Beijing, Rep. Of China,

Hammacher Schlemmer
9307 N. Milwaukee
Niles, IL 60714-1303

Impact International
151 Rivers Drive, #B202
Lake Havasu City, AZ 86403-5740

Intellectual Solutions Inc.
Roadmaster (USA) Corporation
41 James Way
Eatontown, NJ 07724-2272

J & R Electronics Inc
23 Park Row
New York, NY 10038

Jack W Chao
Law Offices of Jack W Chao
2522 Chambers Rd Ste 100
Tustin CA 92780-6962

Joseph Greenfeld
2522 Chambers Rd #100
Tustin CA 92780-6962

Joseph Greenfeld
Law Officesof Jack W Chao
2522 Chambers Rd #100
Tustin CA 92780-6962

Kmart Corporation
3100 W. Big Beaver Road
Troy, MI 48084-3004

Law Offices of Wasserman, Comden, Cassleman
5567 Reseda Blvd Ste 330
Tarzana CA 91356-2673

Law Offices of Wasserman, Comden, Cassleman
POB 7033
Tarzana CA 91357-7033

Lewis Drug
2701 S. Minnesota Avenue, Suite 1
Sioux Falls, SD 57105-4787

Liverpool Enterprises Inc.
10924 Vance Jackson, #306
San Antonio, TX 78230-2559

Mac Automative Corporation
1661 Fairplex Drive
La Verne, CA 91750-5871

Mac Sports Inc
2053 Puddingstone Drive
La Verne, CA 91750-5864

Mar-San.
6045 N Keystone Avenue
Chicago, IL 60646-5209

Merrill Lynch
801 West Huntington Drive, Suite 10
Arcadia, CA 91007-6634

Navteq North America
425 West Randolph Street
Chicago, IL 60606-1530

Navteq North America LLC
C/O Winston & Strawn LLP
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071-1544

Navteq North America LLC
c/o Alan L Brodkin & Assocs
15508 B Rockfield Blvd
Irving CA 92618

Newtek Supply Inc.
4420 Shopping Lane
Simi Valley, CA 93063-3451

Nextar Customer Returns/Replacement
1661 Fairplex Drive
La Verne, CA 91750-5871

Nextar Exchange Program
1661 Fairplpex Drive
La Verne, CA 91750-5871

Nextar Hong Kong Limited
Unit 2002, 20 Floor
K Wah Centre, 191 Java Road
North Point, Hong Kong,

Nextar Online
1661 Fairplex Drive
La Verne, CA 91750-5871

Office Max
263 Shuman Blvd.
Naperville, IL 60563-1255

OfficeMax
c/o Weltman, Weinberg & Reis
323 W. Lakeside Avenue, Ste 200
Cleveland, OH 44113-1009

Orscheln Farm & Home LLC
P.O. Box 698
Moberly, MO 65270-0698

Pep Boys
3111 W. Allegheny Avenue
Philadelphia, PA 19132-1116

Petra Industries Inc
2101 South Kelly Avenue
Edmond, OK 73013-3665


QVC Inc
P.O. Box 6030
Phoenix, AZ 85005-6030

Quality Incentive Company
P.O. Box 750727
Memphis, TN 38175-0727

Quincy Farm Supply Co.
P.O. Box 3745
Quincy, IL 62305-3745


S & J Sales
1505 E Newton Street
Los Angeles, CA 90021-2727

Sears
333 Beverly Road, Dept D2-213A
Hoffman Estates, IL 60179-0001

Staples
P.O. Box 102409
Columbia, SC 29224-2409


Stone Barkley Company LLC
1142 South Diamond Bar Blvd., #508
Diamond Bar, CA 91765-2203

Stone Barkley Company LLC
1142 South Diamond Bar, #508
Diamond Bar, CA 91765-2203

Strategic Sales
3380 Comercial Avenue
Northbrook, IL 60062-1909


Sundahl Marketers Inc
562 Marsh Drive
Delano, MN 55328-8719

Supervalu Inc
Supervalu Inc Legal Dept
11840 Vallely View Rd
Eden Prairie MN 55344-3643

Supervalu Inc.
P.O. Box 515
Two Harbors, MN 55616-0507


The Anderson's
P.O. Box 119
Maumee, OH 43537-0119

The Bon-Ton Stores Inc
601 Memory Lane
York, PA 17402-2231

The Wholesale House
503 West High Street
Hicksville, OH 43526-1063


Tofasco Of America Inc
1661 Fairplex Drive
La Verne, CA 91750-5871

Toys R Us
277 Langstaff Road
Concord Ontario L4k 4M5

Transworld Entertainment Corp
38 Corporate Circle
Albany, NY 12203-5197


United States Internation Trade Commission
500 East Street SW
Washington DC 20436-0001

WAL MART STORES INC
C/O CHARLES B HENDRICKS
900 JACKSON ST STE 570
DALLAS TX 75202-4459

Wal-Mart Stores Inc
702 Sw 8th Street
Bentonville, AR 72712-6209


Wal-Mart.Com
1108 S.E 10th Street
Bentonville, AR 72716-0001

Walgreens
P.O. Box 4025
Danville, IL 61834-4025

Woot Inc
4121 International Parkway
Carrollton, TX 75007-1907


Z & S Electronics Inc.
967 E 11th Street
Los Angeles, CA 90021-2033

Zanco Sales Inc.
Dibu Trading Corp.
3140 Harbor Lane, North #201
Minneapolis, MN 55447-5172

David A Tilem
Law Offices of David A Tilem
206 N Jackson St Ste 201
Glendale, CA 91206-4330

Edward M Wolkowitz (TR)
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017-2581

Sylvia Lew
Law Offices of David A Tilem
206 N Jackson St Ste 201
Glendale, CA 91206-4330

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Hahn Fife & Company LLP
790 E Colorado Blvd 9th Fl
Pasadena, CA 91101-2193

(u)Jung & Yuen LLP

(u)Van Horn Auctions and Appraisal Group LLC

End of Label Matrix
Mailable recipients    91
Bypassed recipients     3
Total                  94